IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD TERRELL,

    Petitioner,               No. 2:11-cv-2119-JAM-JFM (HC)

    vs.

MIKE MCDONALD,

    Respondent.             <u>FINDINGS & RECOMMENDATIONS</u>

                                /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2003 conviction that he suffered in the San Joaquin County Superior Court. Respondent has moved to dismiss this action as successive and as barred by the statute of limitations. Petitioner opposes the motion.

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

        On February 13, 2003, petitioner was convicted of second degree robbery in the San Joaquin County Superior Court. In light of enhancements for prior convictions, petitioner was subsequently sentenced to an indeterminate term of incarceration of twenty-five years to life. The judgment was affirmed by the California court of Appeal, Third Appellate District, on December 17, 2004. Lodgment ("LD") 2. Following an attempt to file an untimely petition for review in the California Supreme Court, petitioner's direct appeal became final on February 15, 2005 when the California Supreme Court denied review. LD 3. Thereafter, petitioner filed sixteen petitions for post-collateral relief; the most recent petition was denied on April 14, 2011. See LD 4–34.

/////

On February 16, 2007, petitioner filed a petition for federal habeas corpus relief ("the First Petition") that was ultimately transferred to this court and assigned case number 2:07-cv-00784-MJP. In the First Petition, petitioner challenged his 2003 conviction on three grounds: (1) ineffective assistance of appellate counsel; (2) ineffective assistance of trial counsel; and (3) improper removal of defendant during sentencing. That petition was denied on the merits on March 17, 2009. Both the district court and the Ninth Circuit Court of Appeal denied petitioner's request for a certificate of appealability. See Case Number 2:07-cv-0784-MJP, Doc. Nos. 41, 47.

Petitioner has now filed the instant petition, also challenging his 2003 conviction for second degree robbery. Here, petitioner asserts violations of his Fourth and Sixth Amendment rights.

Respondent filed a motion to dismiss on March 19, 2012. Petitioner has filed a traverse, which the court construes as an opposition.

## DISCUSSION

Respondent seeks dismissal of the instant petition as successive. In the alternative, respondent asserts the petition is barred by the statute of limitations. On review, the court determines that the petition must be dismissed as a successive petition over which it lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications." Tyler v. Cain, 533 U.S. 656, 661 (2001). AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court." Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Stewart v. Martinez–Villareal, 523 U.S. 637, 64 (1998). Second or successive habeas petitions are subject to the "extremely stringent" requirements of AEDPA. Babbitt v. Woodford, 177 F.3d 744, 745 (9th Cir. 1999). "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. See 28 U.S.C. § 2244(b); see also Burton v. Stewart, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). "'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'" Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)).

In this case, the petition challenges the same 2003 conviction that petitioner challenged in the First Petition. By order dated March 17, 2009, the district judge dismissed the First Petition on the merits. Under AEDPA, petitioner was required to obtain an order from the Ninth Circuit authorizing this court to consider his new claims prior to filing this case. Because he did not do so, this court is without jurisdiction to entertain the petition. Burton, 549 U.S. at 153; see also 28 U.S.C. § 2244(b)(3)(A). If petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b) (3). In light of this finding, the court declines to consider respondent's alternative ground for dismissal.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

Where, as here, the petition should be dismissed on procedural grounds, a

certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

This court finds that petitioner has not satisfied the first requirement for issuance of a certificate of appealability in this case. Specifically, there is no showing that jurists of reason would find it debatable whether this action is successive. Accordingly, the district court should decline to issue a certificate of appealability.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's March 19, 2012 motion to dismiss be granted;

2. The petition for writ of habeas corpus be denied for lack of jurisdiction; and

3. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 11, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;terr2119.mtd